IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02629-GPG

ERIC ADAMS,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO
FILE AMENDED PRISONER COMPLAINT

---

Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons, currently incarcerated at Florence ADMAX facility in Florence, Colorado. On December 2, 2015, Plaintiff filed *pro se* a Prisoner's Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed under 28 U.S.C. § 1915 (ECF No. 2). For the reasons discussed below, Plaintiff will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Plaintiff is subject to 28 U.S.C. § 1915(g) filing restrictions. *See Adams v. United States*, 12-cv-01076-BNB, ECF No. 4 (discussing filing restrictions and previous cases). In his § 1915 Motion and in his Complaint, Plaintiff asserts that he is in imminent danger of serious physical injury. If he wishes to proceed *in forma pauperis* for this action, he is reminded that his allegations must provide "specific facts of *ongoing* serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

1

One of Plaintiff's previous cases in this Court, *Adams v. United States*, 12-cv-01076-BNB, asserted claims similar to those in this action: prison officials tampering with his food.  In that case, the Court instructed Plaintiff that his constitutional claims should be brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not the FTCA. *See id.*, 12-cv-01076-BNB, at ECF No. 8.  "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011)(citation omitted). Under the FTCA, the Government is liable only to the extent that, in the same circumstances, the applicable local law would hold a private person responsible. *See* 28 U.S.C. § 1346(b)(1) & § 2674.  In this case, although Plaintiff asserts the FTCA as the basis for this court's jurisdiction, his claims against the government are based on violations of his constitutional rights instead of state tort law.  Plaintiff's claims of constitutional violations are not properly brought in a FTCA action.  Constitutional claims are not claims based on state substantive law under which a private person would be responsible.  Therefore, similar to his previous case, Plaintiff should assert his claims pursuant to 28 U.S.C. § 1331 and *Bivens*.

In a *Bivens* actions, claims may only be brought against federal employees in their individual capacities, not against the United States or its employees sued in their official capacities. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a

*Bivens* claim against the officer's employer, the United States, or the BOP."); *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity"). Plaintiff's Complaint fails to name as defendants the individuals responsible for the alleged actions. Plaintiff will be directed to amend his Complaint and name as defendants the individuals responsible for placing him in imminent danger of serious physical injury. Plaintiff further must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, Plaintiff must explain in the amended Prisoner Complaint what each defendant did to him, when the defendant did the action, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Prisoner Complaint as directed in this Order.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing an Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint within the time allowed, Plaintiff's request to proceed pursuant to 28 U.S.C. § 1915 will be subject to denial and the action may be dismissed without further notice.

DATED December 3, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge