IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02629-GPG

ERIC ADAMS,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

ORDER OVERRULING OBJECTION

---

On December 30, 2015, Plaintiff, Eric Adams, filed *pro se* a "Motion Pursuant to Fed. R. Civ. P. 54(b) and 636(A)." (ECF No. 5).  In the motion, Mr. Adams objects to the December 3, 2015 Order by Magistrate Judge Gordon P. Gallagher directing him to file an Amended Complaint.  Specifically, Mr. Adams challenges Magistrate Judge Gallagher's directive that his action is more properly raised under 28 U.S.C.§ 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as opposed to the FTCA.

The Court will construe the Motion liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A).  Under § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Upon review of Mr. Adams' Complaint and the December 3 Order, I find no basis for his arguments. Magistrate Judge Gallagher's December 3 Order neither is clearly erroneous nor contrary to law. Furthermore, Mr. Adams' previous suit, based on some of the same events as the current case, *Adams v. United States*, 12-cv-01076, resulted in Magistrate Judge Boland also directing him that his action was more properly raised pursuant to *Bivens*. *See id.*, at ECF No. 8. Mr. Adams objected to Magistrate Judge Boland's order in that case as well. *Id.*, ECF No. 9. His objections were overruled. *Id.*, ECF No. 10.

Mr. Adams may have misinterpreted Magistrate Judge Gallagher's December 3 Order. In some circumstances, a federal prisoner may be able to choose whether to pursue his claim under the FTCA or *Bivens*. As the Tenth Circuit explained: "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). However, the FTCA and a *Bivens* claim are alternative remedies. *See Robbins v. Wilke*, 300 F.3d 1208, 1213 (10th Cir. 2002); *Engle*, 24 F.3d at 135 (judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*). If Mr. Adams believes his claim should be pursued under the FTCA, he should base his claim on a common law tort.

Mr. Adams' liberally construed Objection, therefore, will be overruled. Mr. Adams is instructed to comply with the December 3 Order or the action will be dismissed for failure to prosecute. Accordingly, it is

ORDERED that Mr. Adams' Motion Pursuant to Fed. R. Civ. P. 54(b) and 636(A) (ECF No. 5) filed on December 30, 2015, is construed liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is overruled.  It is

FURTHER ORDERED that Mr. Adams has **twenty-one days from the date of this Order** to comply with the December 3, 2015 Order.  It is

FURTHER ORDERED that if Mr. Adams fails to comply with the December 3, 2015 Order, as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this   13th   day of   January  , 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court