IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 15-cv-02629-NRN

ERIC ADAMS,

Plaintiff,

v.

OFFICER MARTINEZ,

Defendant.

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR RECONSIDERATION
## (Dkt. #117)

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before me upon the consent of the parties to magistrate judge jurisdiction (Dkt. #44) and the Order of Reference entered by Judge William J. Martinez on May 9, 2016.[1] (Dkt. #49.) Now before me is Plaintiff Eric Adams's Rule 60(b)(6) Motion for Reconsideration. (Dkt. #117.) Defendant Officer Martinez, through the U.S. Attorney's Office, filed a response (Dkt. #122), which I found deficient (Dkt. #124), so further briefing followed. (Dkt. ##125–27.)

I have taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, it is **ORDERED** that Mr. Adams's Motion for Reconsideration is **GRANTED.**

---

[1] This case was originally before my predecessor, Magistrate Judge Michael J. Watanabe, who retired in 2018. It was reassigned to me on May 10, 2021. (Dkt. #118.)

## BACKGROUND

I. Procedural History

### A. *Adams v. Martinez*

Mr. Adams filed his initial Complaint and Motion for Leave to Proceed Under 28 U.S.C. § 1915 on December 2, 2015. (Dkt. ##1 & 2.) In his Complaint, Mr. Adams asserted that prison officials working at the USP ADMAX facility in Florence, Colorado, violated his Eighth Amendment rights by allegedly tampering with his food trays, resulting in Mr. Adams becoming ill and requiring medical treatment. The following day, Magistrate Judge Gordon P. Gallagher issued an order directing Mr. Adams to file an amended complaint to cure certain deficiencies and acknowledging that Mr. Adams was subject to filing restrictions under 28 U.S.C. § 1915(g). (Dkt. #4.)

Mr. Adams filed his Amended Complaint on January 26, 2016, asserting a *Bivens* action against Officer Martinez for violations of his Eighth Amendment rights based on the alleged misconduct contained in the initial Complaint. (Dkt. #7.) Mr. Adams also alleged that his life was "under imminent danger [] of serious physical injury" due to the conduct of Officer Martinez and other officers. (*Id.*) On February 8, 2016, Judge Gallagher granted Mr. Adams leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act (PLRA), finding that Mr. Adams provided "specific factual allegations of serious physical injury and has named the specific individual responsible for the alleged acts." (Dkt. #9 at 2.) The case was drawn to Judge William J. Martinez and Judge Watanabe (Dkt. #11) and then, upon the consent of the parties, just to Judge Watanabe. (Dkt. #49.)

On April 25, 2016, Defendant filed a Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #39), contending that

2

Mr. Adams was precluded from proceeding without the full prepayment of fees under § 1915 because he had already accrued three strikes under the PLRA and was not in imminent danger of serious physical injury. On June 2, 2016, Defendant provided the Court with Mr. Adams's medical record file under seal. (Dkt. #55.) On November 10, 2016, Judge Watanabe granted Defendant's motion to reconsider, finding that Mr. Adams' medical ailments did not constitute "serious physical harm" and that he had three strikes under § 1915, thereby barring him from proceeding IFP. (Dkt. #71.)

On February 3, 2017, Mr. Adams's Amended Complaint was dismissed without prejudice for failing to pay the filing fees. (Dkt. ##84 & 85.) On April 20, 2017, Mr. Adams appealed to the Untied State Court of Appeals for the Tenth Circuit. (Dkt. #93.) On April 21, 2017, the Tenth Circuit ordered that because Mr. Adams had incurred three strikes under § 1915(g), he was required to show cause regarding why he should be exempted from paying the filing fees. (Dkt. #96.) Mr. Adams did not respond to that order, so, on May 18, 2017, the Tenth Circuit ordered Mr. Adams to pay the full appellate filing fee. (Dkt. #97.) Mr. Adams did not pay the filing fee and his appeal was ultimately dismissed for lack of prosecution on November 14, 2017. (Dkt. #115.)

### B. *Adams v. United States*

On June 6, 2019, Mr. Adams, proceeding pro se, filed a Federal Tort Claims Act (FTCA) lawsuit against the United States, in which he made similar allegations to those made here.[2] *See Adams v. United States*, 19-cv-01643-LTB-GPG, Dkt. #1 (D. Colo.)

---

[2] As noted by the Court in its order denying Mr. Adams's Motion and Affidavit for Leave, the only additional allegations in this case were that the supposed mistreatment at issue in his previous suit continued into 2019 and that he suffered various other injuries as a result of that conduct. (Dkt. #4.)

Mr. Adams also moved to proceed under § 1915. *Id.* at Dkt. #3. On June 19, 2019, Judge Gallagher issued an order denying Mr. Adams's motion, finding that he was not in imminent danger of serious physical injury and was therefore subject to the filing fee requirement of § 1915(g). *Id.* at Dkt. #4. On July 26, 2019, Judge Lewis T. Babcock dismissed the case without prejudice for failure to pay the required filing fees, and also ruled that Mr. Adams could not proceed IFP on appeal. *Id.* at Dkt. #5. On August 19, 2019, Mr. Adams filed a Writ of Mandamus with the Tenth Circuit, *id.* at Dkt. #10, and on August 23, 2019, he filed an appeal. *Id.* at Dkt. #11.

On June 23, 2020, the Tenth Circuit issued an Order and Judgment reversing the order of dismissal, finding that Mr. Adams only had two strikes against him and could therefore proceed IFP.[3] *Id.* at Dkt. #23; *see also Adams v. United States*, 818 F. App'x 807 (10th Cir. 2020). Specifically, the Tenth Circuit determined that *Adams v. Negron*, No. 02-cv-00631-EWN-MJW (D. Colo. Mar. 11, 2003), *aff'd*, 94 F. App'x 676 (10th Cir. 2004), did not constitute a strike because the underlying decision was a partial dismissal and partial summary judgment. 818 F. App'x at 812. The Tenth Circuit remanded the case to the district court for further proceedings. *Id.*

### C. Present Motion for Reconsideration

On May 5, 2021, Mr. Adams filed the subject motion to reopen this case pursuant to Rule 60(b)(6) in light of the Tenth Circuit's ruling in *Adams v. United States*. (Dkt. #117.) On July 15, 2021, Defendant filed a response, contending that even if *Adams v. Negron* is disregarded, Mr. Adams had accrued the requisite numbers of strikes from

---

[3] Specifically, the Tenth Circuit found that the dismissal of Mr. Adams's action in *Adams v. Negron* did not constitute a strike because part of the case was dismissed on grounds not enumerated in § 1915(g). (Dkt. #23.)

4

three other cases. (Dkt. #122.) On August 4, 2021, Mr. Adams filed a reply, arguing that two of the cases cited by Defendant (*Adams v. Martin*, No. 10-cv-1487 (E.D. La), and *Adams v. Montgomery*, No. 18-cv-1288 (S.D. Cal.)) involved different individuals that just happened to share the same name. (Dkt. #123.) On August 16, 2021, I issued a Minute Order finding that Mr. Adams was correct and that the cases cited by Defendant involved different people. (Dkt. #124.) In addition, I questioned Defendant's contention that the Tenth Circuit's dismissal of Mr. Adams' case in *Adams v. Berkebile,* No. 13-cv-02001-BNB (D. Colo.), could constitute a strike.[4] (*Id.*) Based on inaccuracies in Defendant's briefing, I ordered the filing of a sur-reply. (*Id.*) Defendant submitted its supplemental filing on August 23, 2021, retracting the legally and factually unfounded arguments he had made initially, but contending that the dismissal of Mr. Adams's suit in *Adams v. Fochee,* No. 12-cv-01076-PAB-CBS, 2013 WL 3093479 (D. Colo. June 18, 2013), nevertheless should count as a third strike for § 1915 purposes. (*See* Dkt. #125.) On August 25, 2021, Mr. Adams filed a response to Defendant's brief (Dkt. #126), and on September 7, 2021, he filed an additional response specifically contesting the arguments in Defendant's sur-reply. (Dkt. #127.)

---

[4] I noted that Defendant misinterpreted part of the Ninth Circuit's decision in *El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016), a case which Defendant relied on for arguing that the dismissal of Mr. Adams's case in *Adams v. Berkebile* should count as a strike. (Dkt. #124.) Specifically, I emphasized that the Ninth Circuit held that an affirmation of a lower court's decision that does find that the appeal itself was frivolous or malicious cannot be counted as a strike. (*Id.*) Because the Tenth Circuit in *Berkebile* did not decide whether Mr. Adams's appeal was frivolous or malicious, I deemed it unlikely that the dismissal constituted a strike. (*Id.*) Defendant agreed with my analysis. (Dkt. #125 at 4.)

5

## II.     *Adams v. Fochee*

Because Defendant argues that the dismissal of Mr. Adams' case in *Adams v. Fochee* qualifies as a third strike, I will provide a brief overview of that case.[5] On April 23, 2012, Mr. Adams filed a complaint against the United States and moved to proceed under § 1915, alleging that several prison officials at the ADMAX facility tampered with his food trays and retaliated against him for filing complaints against the officers. *Adams v. Fochee,* 12-cv-01076-PAB-CBS, Dkt. ##1 & 2 (D. Colo.). On April 26, 2012, the court, noting that Mr. Adams had incurred three strikes from previous cases, ordered him to show cause why his motion should not be denied.[6] On May 14, 2012, Mr. Adams filed his response. *Id.* at Dkt. #5. On May 16, 2012, the court instructed Mr. Adams to amend his complaint to name the officers who were "responsible for placing him in imminent danger of serious physical injury" and who were responsible for violating his constitutional rights. *Id.* at Dkt. #6. On June 6, 2012, Mr. Adams filed an amended complaint, *id.* at Dkt. #7, and on June 15, 2012, the court instructed that he submit another amended complaint because he had failed to provide all the requested information on the filing form. *Id.* at Dkt. #8. Mr. Adams filed a second amended complaint on July 26, 2012, complying with the directives set out in the June 15, 2012 order. *Id.* at Dkt. #11.

---

[5] *Adams v. Fochee* is also relevant because Judge Gallagher cited it in this case for his finding that Mr. Adams is subject to filing restrictions (Dkt. #4), and Judge Watanabe relied on Judge Gallagher's determination in his order dismissing the lawsuit. (Dkt. #71 at 4.)

[6] The court cited *Adams v. Negron* as one case where Mr. Adams received a strike; however, the court's decision was made prior to the Tenth Circuit's ruling in *Adams v. United States*, which, as previously noted and will be discussed further below, ruled that dismissal of Mr. Adams's suit in *Negron* did not constitute a strike.

On August 7, 2012, the court granted in part and denied in part Mr. Adam' IFP motion. *Id.* at Dkt. #12. The court dismissed two officers from the suit, ruling that Mr. Adams failed to demonstrate how they participated in the violation of his constitutional rights. *Id.* The court also found that Mr. Adams did not show that he was in "imminent danger of serious physical injury" with regard to his claims against three other officers (Evans, George, and Eckart), and ordered Mr. Adams to pay the filing fee if he wished to proceed with his claims against them. *Id.* However, the court did find that the claims against Officers Fochee and Espinoza "appear[ed] to assert imminent danger of serious physical injury," and it allowed Mr. Adams to proceed with his claims against those two officers. *Id.* On September 19, 2012, the court issued an order dismissing Officers Evans, George, and Eckart from the suit due to Mr. Adams's failure to pay the filing fee. *Id.* at Dkt. #13.

On January 28, 2013, Officer Espinoza moved for summary judgment, arguing that Mr. Adams had not exhausted his administrative remedies as required by the PLRA. *Id.* at Dkt. #47. On June 3, 2013, Magistrate Judge Craig B. Shaffer issued a recommendation that Officers Espinoza and Fochee be dismissed from the case. *Id.* at Dkt. #61. In his recommendation, Judge Shaffer agreed with Officer Espinoza that Mr. Adams had not exhausted all his administrative remedies as required by the PLRA. *Id.* Moreover, he determined that while Officer Fochee had not been served, "sufficient time [was] afforded and sufficient efforts [were] made by the Clerk of the Court and the U.S. Marshal to serve this Defendant."[7] *Id.* Mr. Adams objected to the recommendation, *id.* at

---

[7] Judge Shaffer also noted that Mr. Adams did not exhaust his administrative remedies in regard to his claims against Officer Fochee. *See Adams v. Fochee,* 12-cv-01076-PAB-CBS, Dkt. #61 (D. Colo. June 3, 2013).

Dkt. #62, but now-Chief Judge Philip A. Brimmer adopted it and dismissed the case on June 18, 2013. *Id.* at Dkt. #63.

## **LEGAL STANARDS**

### I.     Rule 60(b)(6)

Rule 60(b) provides that, "on motion or just terms, the court may relieve a party . . . from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 WL 4467373, at *5 (D. Colo. July 22, 2015) (quoting *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008)). "A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b)." *Martinez v. Red's Towing*, No. 14-cv-00458-KLM, 2015 WL 328304, at *2 (D. Colo. Jan. 23, 2015) (citing *Van Skiver v. United States*, 952 F.3d 1241, 1243 (10th Cir. 1991)). The exceptional circumstances enumerated in Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

Mr. Adams brings his motion under Rule 60(b)(6), whose "clear import . . . is that the clause is restricted to reasons other than those enumerated in the previous five clauses." *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). "Courts have granted relief under Rule 60(b)(6) 'when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable,' where a party is indigent or when it offends justice to deny such relief." *Mbaku v. Bank of Am., Nat'l Ass'n*, No. 12-cv-00190-PAB-KLM, 2014 WL 3906463, at *1 (D. Colo. Aug. 11, 2014) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999)). "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed [by the Tenth Circuit] only if [the Court] find[s] a complete absence of a reasonable basis and [is] certain that the decision is wrong." *Morales v. Jones*, 480 F. App'x 898, 901 (10th Cir. 2012) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotations, citations, and ellipses omitted)). Furthermore, a Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c).

As to the last clause, its

## II. The PLRA's "Three Strikes" Rule

Enacted in 1996, the PLRA was designed to prescribe a set of requirements for prisoners filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). One of the provisions of the law, § 1915(g), was designed "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Childs v. Miller*, 713 F.3d 1262, 1265

(10th Cir. 2013) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011)). "When a prisoner has accumulated three strikes, he has 'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (citing *Smith v. VA*, 636 F.3d 1306, 1308–09 (10th Cir. 2011) (internal quotation marks omitted)). Thus, once incurring three strikes, a prisoner "must prepay the entire filing fee before federal courts may consider his civil actions and appeals." *Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020). However, the statute provides an exception to the fee requirement for prisoners who can show that they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.  Partial Dismissals

Under the PLRA, a prisoner will ordinarily incur a strike when their case is dismissed based on one of the grounds enumerated in the statute. *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007)). However, the Tenth Circuit has recognized a specific instance in which a "partial dismissal," i.e., an action in which some claims are dismissed on grounds other than those prescribed in the statute, can count as a strike for purposes of the PLRA. *Id.* In *Thomas*, the Tenth Circuit held that the dismissal of a case can constitute a strike when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative, and no claims are allowed to proceed on the merits." *Id.* The Tenth Circuit adopted the view taken by the Sixth Circuit in *Pointer v. Wilkinson*, which held:

> [W]here a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because it is frivolous, malicious, or fails to state a claim upon which relief may be

>granted, the dismissal should be counted as a strike under 28 U.S.C. § 1915(g).

502 F.3d 369, 377 (6th Cir. 2007).

The Tenth Circuit found particularly persuasive the Sixth Circuit's contention that "the congressional purpose of § 1915(g) would be subverted if, by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted, a prisoner could repeatedly escape imposition of a strike and thus evade the bar imposed by the three-strikes rule." *Thomas*, 672 F.3d at 1184 (quoting *Pointer*, 502 F.3d at 374).

## **ANALYSIS**

Defendant argues in the present case that "[t]he reasoning and logic of the *Thomas* decision should be applied to count the *Fochee* case as a strike under the PLRA." (Dkt. #125.) Specifically, he contends that Mr. Adams' failure to pay the filing fee or failure to serve a defendant should be treated as the functional equivalent of a failure to state a claim. The manifest flaw in Defendant's argument is that the court in *Fochee* relied on *Adams v. Negron* in determining that Mr. Adams was subject to filing restrictions, and therefore he had to either pay the filing fee or make a showing of imminent danger of serious physical injury. *See Adams v. Fochee,* 12-cv-01076-PAB-CBS, Dkt. #4 (D. Colo. April 26, 2012). Thanks to *Adams v. United States*, we know now that this reliance was misplaced. Thus, the dismissal of the three officers due to Mr. Adams' failure to pay the filing fee cannot count as a "nullity" under *Thomas* for purposes of the three-strikes rule because Mr. Adams should not have had to pay the filing fee (or show imminent danger, for that matter) in the first place. In other words, Mr. Adams' claims against Officers Evans, George, and Eckart were not found to be

unexhausted or meritless, but were instead summarily dismissed on (what we now know to be) improper grounds. As the Tenth Circuit recognized in *Thomas*, "it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike." 672 F.3d at 1183. The court carved out a narrow exception for mixed dispositions where the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits. *Id.* at 1184. That narrow exception clearly does not apply here.

Accordingly, *Adams v. Fochee* is not a strike for § 1915(g) purposes. Because Mr. Adams only has two strikes, I will grant his Rule 60(b)(6) motion to re-open this case.

## ORDER

For the reasons set forth above, it is hereby

- **ORDERED** that Plaintiff's Rule 60(b)(6) Motion for Reconsideration (Dkt. #117) is **GRANTED**; it is further

- **ORDERED** that this case is **RE-OPENED** pursuant to Rule 60(b)(6); it is further

- **ORDERED** that a Status Conference is set for December 16, 2021 at 11:00 a.m. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time.

Dated:  November 10, 2021        BY THE COURT

_____
N. Reid Neureiter
United States Magistrate Judge