IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 15-cv-02629-NRN

ERIC ADAMS,

Plaintiff,

v.

OFFICER MARTINEZ,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. #135)
and
DEFENDANT'S MOTION TO DISMISS (Dkt. #133)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before the Court on the consent of the parties (Dkt. #44) and an Order Referring Case (Dkt. #49) entered by Judge William J. Martinez. Now before the Court is Defendant Martinez's Motion to Dismiss. (Dkt. #135.) Plaintiff Eric Adams filed a response (Dkt. #136), and Defendant filed a reply. (Dkt. #137.) The Court heard argument on the subject motion on May 11, 2022. (*See* Dkt. #138.) On June 17, 2022, Defendant filed a Notice of Supplemental Authority (Dkt. #140), to which Mr. Adams filed a response. (Dkt. #141.)[1]

---

[1] Mr. Adams also filed a sur-reply to the Motion to Dismiss (*see* Dkt. #139), but the Federal Rules of Civil Procedure do not contemplate the filing of a sur-reply as a matter of right and Mr. Adams did not seek, and was not granted, leave to file one. Accordingly, the Court will not consider this filing.

Also before the Court is Mr. Adams' Motion for Summary Judgment. (Dkt. #133.) Defendant Martinez did not respond to this motion because on February 14, 2022, the Court stayed all briefing pending the filing of the subject Motion to Dismiss. (*See* Dkt. #134.)

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **ORDERS** that the Motion to Dismiss is **GRANTED** and the Motion for Summary Judgment is **DENIED AS MOOT**.

## BACKGROUND[2]

The following is taken from the operative Amended Prisoner Complaint (Dkt. #7), and all well-pled allegations are presumed to be true for the purposes of this motion to dismiss.

Mr. Adams is in the custody of the Bureau of Prisons ("BOP") and housed at United States Penitentiary Florence ADMAX. He alleges that Defendant Martinez, a former correctional officer, tampered with Mr. Adams' food trays while Mr. Adams was in the Secured Housing Unit ("SHU"). As a result, Mr. Adams suffered from infections and other ailments.

Mr. Adams brings one claim for relief under the Eighth Amendment against Mr. Martinez in his individual capacity. He seeks compensatory and punitive damages totalling $160,000. (*See* Dkt. #7 at 19.[3])

---

[2] The Court set forth the complicated procedural history of this case it its Order Granting Plaintiff's Motion for Reconsideration (Dkt. #128) and will not repeat it here unless necessary.

[3] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Defendant Martinez moves to dismiss this claim, arguing that there is no remedy under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for Mr. Adams' food-tampering claim.

## LEGAL STANDARDS

### I. Pro Se Standard

Mr. Adams proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). This standard "applies to all proceedings involving a *pro se* litigant, including… summary judgment proceedings." *Espinoza-Horiuchi v. Walmart Stores, Inc.*, 2016 WL 1275494 at *1 (D. Colo. Mar. 7, 2016) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Calbart v. Denver Sheriff Dep't*, 505 F. App'x 703, 705 (10th Cir. 2012). Mr. Woodley's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### II. Failure to State a Claim Upon Which Relief Can be Granted

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. Therefore, so long as the plaintiff pleads sufficient factual allegations such

that the right to relief crosses "the line from conceivable to plausible," he has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

## ANALYSIS

In *Bivens*, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has recognized the *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim concerning gender discrimination); and (3) *Carlson v. Green,* 446 U.S. 14, 1472 (1980) (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 528 U.S. –, 137 S. Ct. 1843, 1855 (2017). The Court has subsequently "urged caution before extending *Bivens* remedies into any new context." *Id.* at 1857 (quoting *Malesko*, 534 U.S. at 74); *see also Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1101 (10th Cir. 2005) ("[T]he purpose of Bivens is only 'to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy' [for harms caused by an individual officer's unconstitutional conduct.]").

In exercising this caution, the Supreme Court has articulated two questions that the Court must address before implying a *Bivens* remedy for a claim not encompassed by *Bivens*, *Davis*, or *Carlson*. First, the Court must determine whether the claim arises

4

in a new context, which broadly includes any claims "different in a meaningful way from previous Bivens cases decided by [the Supreme] Court." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotations omitted). If so, the court must then determine whether "there are special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S. Ct. at 1857 (internal quotations omitted). If there is even a single "reason to pause before applying Bivens in a new context," the Court may not recognize a *Bivens* remedy. *Hernandez*, 140 S. Ct., at 743.

Revisiting the appropriate level of caution courts should take when analyzing whether a *Bivens* remedy exists, the Supreme Court recently explained:

> While our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy. For example, we have explained that a new context arises when there are "potential special factors that previous *Bivens* cases did not consider." *Ziglar*, 582 U. S., at ——, 137 S. Ct., at 1860. And we have identified several examples of new contexts—*e.g.*, a case that involves a "new category of defendants," *Malesko*, 534 U.S. at 68, 122 S. Ct. 515; see also *Ziglar*, 582 U. S., at ——, 137 S. Ct., at 1876—largely because they represent situations in which a court is not undoubtedly better positioned than Congress to create a damages action. We have never offered an "exhaustive" accounting of such scenarios, however, because no court could forecast every factor that might "counse[l] hesitation." *Id.*, at ——, 137 S. Ct., at 1880. Even in a particular case, a court likely cannot predict the "systemwide" consequences of recognizing a cause of action under *Bivens. Ziglar*, 582 U. S., at ——, 137 S. Ct., at 1858. That uncertainty alone is a special factor that forecloses relief. See *Hernández v. Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (en banc) ("The newness of this 'new context' should alone require dismissal").
>
> Finally, our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, "an alternative remedial structure." *Ziglar*, 582 U. S., at ——, 137 S. Ct., at 1858; see also *Schweiker* [*v. Chilicky*], 487 U.S. [412,] 425, 108 S. Ct. 2460 [1988]. If there are alternative remedial structures in place, "that alone," like any special factor, is reason enough to "limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 582 U. S., at ——, 137 S. Ct., at 1858. Importantly, the relevant question is not whether a *Bivens* action would "disrup[t]" a remedial scheme, *Schweiker*, 487 U.S. at 426, 108 S. Ct. 2460, or whether the court "should provide for a wrong

5

> that would otherwise go unredressed," *Bush* [*v. Lucas*], 462 U.S. [367,] 388, 103 S. Ct. 2404 [1983]. Nor does it matter that "existing remedies do not provide complete relief." *Ibid.* Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies "should be augmented by the creation of a new judicial remedy." *Ibid.*; *see also id.*, at 380, 103 S. Ct. 2404 ("the question [is] who should decide").

*Egbert v. Boule*, 142 S. Ct. 1793, 1803–04 (2022) (footnote omitted).

Defendant Martinez argues that the Court should not create a *Bivens* remedy for Plaintiff's claim because food tampering involves a new *Bivens* context and special factors caution against recognizing a *Bivens* cause of action. The Court agrees.

First, Mr. Adams' Eighth Amendment claim differs in meaningful ways from the three recognized *Bivens* contexts. Mr. Adams relies on *Carlson*, which is the only case that addresses the Eighth Amendment. There, a mother commenced a lawsuit on behalf of her deceased son's estate, alleging that prison officials were deliberately indifferent to his serious medical needs, resulting in his death. *Carlson*, 446 U.S. at 16. Here, in contrast, Mr. Adams does not assert a claim for deliberate indifference; indeed, he concedes that he received medical care for the injuries caused by Defendant Martinez's alleged conduct. (*See* Dkt. #7 at 11–13 (describing the medical care Mr. Adams' received).) The alleged assault and battery perpetrated by Defendant Martinez presents a new *Bivens* context. *See Millbrook v. Spitz*, No. 18-cv-02667-RM-KMT, 2019 WL 5790701, at *11 (D. Colo. August 26, 2019) (Eighth Amendment excessive force claims related to alleged assaults presented new *Bivens* context); *Lovett v. Ruda*, No. 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) (a plaintiff's Eighth Amendment claim based on the deprivation of adequate nutrition constitutes a "new context" for purposes of determining whether to imply a *Bivens* remedy); *Silva v. Ward*, No. 16-cv-185-wmc, 2019 WL 4721052, at *4 (W.D. Wisc. Sept. 26, 2019) ("[M]ultiple

6

district courts have held that Eighth Amendment claims outside the field of medical care present new *Bivens* contexts.").

The Court also finds that there are at least three adequate remedies for Mr. Adams' Eighth Amendment claim. First, Mr. Adams may seek injunctive relief. *See Malesko*, 534 U.S. at 74 (unlike the *Bivens* remedy, which courts "have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally"); *K.B. v. Perez*, 664 F. App'x 756, 759 (10th Cir. 2016) (recognizing that suits for injunctive relief constitute alternative means for preventing unconstitutional conduct in the prison context).

Second, Mr. Adams may seek a remedy for his concerns through the prisoner grievance system. *See Ajaj v. United States*, No. 15-cv-02849-RM-KLM, 2020 WL 747013, at \*14 (D. Colo. Feb. 13, 2020) (finding that the plaintiff had alternative remedies, such as filing a suit for injunctive relief or filing a grievance as part of the BOP's administrative remedy program), *report and recommendation adopted in part, rejected in part,* 2020 WL 5758521 (D. Colo. Sept. 28, 2020).

Finally, and most relevant to this case, Mr. Adams can seek relief under the Federal Torts Claims Act ("FTCA"). Under the FTCA, an individual can bring suit against the United States for intentional torts that are based on the acts or omissions of investigative or law enforcement officers. *See* 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 54-55 (2013). Courts in this judicial district have acknowledged that BOP officers fall within the definition of "investigative or law enforcement officer." *Bridges v. United States*, No. 18-cv-1869-RBJ-SKC, 2019 WL 7289017, at \*3 (D. Colo. Aug. 5, 2019), *report and recommendation adopted*, 2019 WL 5884571 (D. Colo. Nov.

12, 2019). Mr. Adams is aware of this remedy, as evidenced by the lawsuit he filed against the BOP pursuant to the FTCA. *See Adams v. Bureau of Prisons*, 21-cv-01970-WJM-NRN (D. Colo).[4]

## ORDER

It is hereby **ORDERED** that Defendant's Motion to Dismiss (Dkt. #135) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Dkt. #133) is **DENIED AS MOOT**. Plaintiff's Amended Prisoner Complaint (Dkt. #7) is **DISMISSED WITHOUT PREJUDICE**.

Date: August 24, 2022

_____
N. Reid Neureiter
United States Magistrate Judge

---

[4] The undersigned recommended that Mr. Adams' FTCA claim against the BOP be dismissed because in his pleading, Mr. Adams failed to identify any specific BOP officer who tampered with his food. The statute of limitations also precluded recovery for several alleged incidents.